1  Greg W. Garrotto, State Bar #89542
   LAW OFFICES OF GREG W. GARROTTO
2  1925 Century Park East, Suite 2000
   Los Angeles, California 90067
3  Telephone (310) 229-9200
   Fax: 310-229-9209
4  E-Mail: jjggarrotto@msn.com

5  Attorneys for Plaintiffs

6

                      UNITED STATES DISTRICT COURT
7
                      EASTERN DISTRICT OF CALIFORNIA
8

9

10 A.H., a minor, by and through his      )  Case No.
   Guardian ad Litem, Kendra Howard;      )
11 LISA INMAN                             )  COMPLAINT FOR DAMAGES
                                          )  BASED ON
12                Plaintiffs,             )
            v.                            )  1) VIOLATIONS OF CIVIL RIGHTS-
13                                        )  42 U.S.C. 1983
   COUNTY OF SISKIYOU, a public           )
14 entity; JON LOPEY, SHERIFF, a          )  REQUEST FOR JURY TRIAL
   public employee, Does 1-10, Inclusive  )
15                                        )
                Defendants               )
16                                        )
                                          )
17                                        )
                                          )
18                                        )
                                          )
19                                        )
                                          )
20 _____   )
                                          )
21                                        )

22 **JURISDICTION**

23     1.  This Court has jurisdiction of the within matter in that this Complaint is

24 based on violations of Title 42 U.S.C. Section 1983 in that the Plaintiffs are the

25 child and the biological mother of Plaintiffs' Decedent, Mathew R. Baker

26 (Plaintiffs' Decedent) and  are seeking redress for violations of their Civil Rights

27

28                              1          COMPLAINT FOR DAMAGES

1  guaranteed under the  14th Amendment to the United States Constitution, to wit;

2  deprivation of life and liberty without due process of law and specifically the loss

3  of their familial relationship with the Plaintiffs' Decedent.

4

5  **GENERAL ALLEGATIONS**

6       2.  Plaintiff A. H. a minor,  is at times mentioned in this Complaint a

7  resident of Priest River, Idaho.  The Plaintiff is the child and next of kin and heir

8  at law to Plaintiffs' Decedent, Mathew R. Baker, His duly appointed Guardian ad

9  Litem is Kendra Howard, his biological mother.

10       3.  Plaintiff Lisa Inman is at all times mentioned in this Complaint the

11  biological mother of Plaintiffs' Decedent, Mathew R. Baker.

12       4.  Plaintiffs are informed and believe and thereon allege that at all times

13  Defendant County of Siskiyou was a public entity duly formed under the laws and

14  statutes of the State of California.   The Siskiyou County Sheriffs Department is an

15  agency of the Defendant County of Siskiyou.  The Siskiyou County Sheriffs

16  Department is charged with among other duties the operation of the jails of

17  Siskiyou County.

18       5.  Plaintiffs are informed and believe and thereon allege that Defendant Jon

19  Lopey is the Sheriff of the Defendant County of Siskiyou and a public employee

20  and as such has the responsibility among others to prepare procedures and

21  protocols for the operations of jail facilities of the County of Siskiyou which

22  includes those policies and procedures implemented for the purpose of ensuring

23  the safety and welfare of inmates and detainees.  As such, said Defendant is also

24  charged with ensuring that Title 15 of the California Code of Regulations and

25  other standards that ensure compliance with constitutionally mandated conditions

26  of incarceration as they relate to the operation of local correctional facilities are

27

28                                    2                COMPLAINT FOR DAMAGES

1  complied with.

2      6.  Plaintiffs are informed and believe that Does 1-10 are employees of the

3  Siskiyou County Sheriffs Department who had custodial duties and/or were

4  otherwise charged with the day to day operation or custodial duties with regard to

5  jail facilities in said County as well as the provision for services for medical care.

6      7.  The Plaintiffs will seek leave of Court to amend this Complaint to insert

7  the true names and/or capacities of such fictitiously named defendants named as

8  Does 1-10 when the same have been ascertained.

9      8.  The Defendants' responsibilities were to provide security in the jails

10  and for the welfare of all of the prisoners, inmates and or detainees which included

11  but were not limited to  medical, psychological and psychiatric care as well as

12  custodial supervision that would ensure the welfare of all prisoners according to

13  the mandates of the State and Federal Constitutions.  Said responsibilities included

14  evaluation of inmates and detainees to ascertain if they were suicidal and or

15  otherwise self destructive and or had psychological and or psychiatric conditions

16  that might result in said persons being a danger to themselves or others. Said

17  Defendants further had a responsibility to monitor those inmates, prisoners and

18  detainees who were a danger to themselves, others or gravely disabled pursuant to

19  the dictates of Title 15 of the California Regulations and the United States

20  Constitution.

21      9.  On March 2, 2015, Plaintiffs' Decedent, Mathew R. Baker was arrested

22  and processed into the Siskiyou County Jail.   The Plaintiffs' Decedent had a

23  known and ascertainable history of psychological and or psychiatric conditions

24  that made it probable that he might harm himself or others while incarcerated.

25  Furthermore while incarcerated, the Plaintiffs' Decedent exhibited behaviors that

26  should have and did alert the Defendants that Plaintiffs' Decedent might engage in

27

28                          3              COMPLAINT FOR DAMAGES

1  self destructive behaviors and or behaviors that would possibly cause harm to him

2  and others.

3      10.  On September 3, 2015, the Plaintiffs' Decedent actively tried to commit

4  suicide using materials at hand and within distances whereby he could gain

5  possession of said item.  He used an improvised ligature to hang and or asphyxiate

6  himself thereby inducing hypoxia, cardiac arrest and resultant anoxic brain

7  damage.  The Defendants and each of them, as part of their custodial duties, had

8  the responsibility and the duty to keep any item from him which could be used by

9  Plaintiffs' Decedent to harm himself as well as to monitor him periodically so that

10  he would not engage in self destructive behavior.

11     11.  The Plaintiffs' Decedent died on September 4, 2015 at an Oregon

12  Hospital secondary to the self inflicted injuries he sustained on September 3, 2015.

13     12.  The Defendants, and each of them, who were charged with monitoring

14  the Plaintiffs' Decedent periodically and within the confines of statutory and

15  regulatory requirements and implementing suicide prevention procedures and

16  protocols had not in fact monitored him during the prescribed period of time, had

17  not appropriately monitored or visualized him so that he could not harm himself

18  and did not carry out suicide prevention procedures and protocols; all with the

19  knowledge that more probably than not, the Plaintiffs' Decedent would harm

20  himself and or engage in actions that were self destructive.

21     13.  Defendant Jon Lopey, as the Sheriff of Siskiyou County Sheriffs

22  Department failed to promulgate and implement policies and procedures with the

23  knowledge that the failure to provide policies and procedures would surely result

24  in suicides and injuries to inmates.  The Defendants and each of them were also

25  aware that the failure to provide and implement policies and procedures and

26  allowing customs and practices that would not ensure inmate safety had caused

27

28                          4              COMPLAINT FOR DAMAGES

1  suicide deaths in the Siskiyou County Jail before the incarceration of Plaintiffs'
2  Decedent and  would result in injury and or death to inmates including but not
3  limited to Plaintiffs' Decedent.

4       14.  The Defendants failed to perform their duties to provide security in the
5  jail with specific knowledge that the Decedent would most probably harm himself
6  if not monitored as required by law and the standards of custodial supervision.

7       15.  Neither did Defendants prevent the Plaintiffs' Decedent from obtaining
8  materials from which he could fabricate a noose or another device so that he could
9  harm himself.  Said Defendants acted and or failed to act with knowledge that the
10 Plaintiffs' Decedent had psychological and or psychiatric conditions that would
11 result in self destructive behavior when confined.  Said conduct of the Defendants
12 and each of them was deliberately indifferent to the rights of Plaintiffs' Decedent
13 as well as the rights of Plaintiffs as well as constituted unwarranted governmental
14 interference with familial relationships; to wit,  with the relationship of father and
15 child between Plaintiffs' Decedent and the minor Plaintiff as well as interference
16 with the relationship of mother and child between Plaintiffs' Decedent and
17 Plaintiff Lisa Inman.

18      16. As a direct and proximate result of the deliberately indifferent,  reckless
19 conduct and or otherwise wrongful conduct of the defendants and each of them,
20 the Plaintiffs  has sustained the loss of a familial relationship; to wit between
21 mother and son and father and son.  All damages amounts including but not
22 limited to general and special damages are in a sum in excess of the jurisdictional
23 limits of this court.

24
25
26
27
28                                         5          COMPLAINT FOR DAMAGES

1  **FIRST CAUSE OF ACTION-FEDERAL CIVIL RIGHTS VIOLATIONS**

2  **(42 U.S.C. 1983)**

3        17. The Plaintiffs incorporate by reference each and every allegation of

4  Paragraphs 1-16 as though set forth in full.

5        18.  At all times hereinafter mentioned, Defendants and each of them were

6  acting as the agents and/or employees of the Defendant County of Siskiyou and in

7  doing all of the things aforementioned were acting under color of their authority as

8  such, and under color of the statutes, ordinances, regulations, customs and usages

9  of the Defendant County of Siskiyou.

10       19.  On or about March 2, 2015,   the Plaintiff's Decedent was arrested and

11 taken to the Siskiyou County Jail.   The Plaintiff is informed and believes that

12 Plaintiffs' Decedent throughout his incarceration up to and through September 3,

13 2015 to exhibit behavior which would indicate to any reasonable member of law

14 enforcement and or a medical professional that he was suicidal, self destructive

15 and had psychological and or psychiatric conditions that impaired his judgment.

16       20.  The Defendants and each of them knew or had reason to know of the

17 Plaintiffs' Decedent's psychological and or psychiatric condition during the course

18 of his pre-trial detention from March 2, 2015 to September 3, 2015.

19       21.  The Defendants and each of them failed either to implement procedures

20 and protocols or act according to them so as to provide for the minimum standards

21 of welfare required by the United States Constitution.  The Defendants and each of

22 them knew that their failure to implement procedures and protocols to protect

23 inmates who had a serious medical need and were self destructive and or of such a

24 psychological and or psychiatric condition making said inmates a danger to

25 themselves and or others would result in injury to inmates such as the Plaintiffs'

26 Decedent.   The Defendants and each of them failed to implement and carry out

27

28                                      6        COMPLAINT FOR  DAMAGES

1   and follow said procedures and protocols with knowledge that the failure to

2   implement and follow said procedures would most probably result in a self harm

3   by Plaintiff's Decedent.

4        22.  The failure of Defendant County of Siskiyou to implement procedures

5   that would require custody staff of the Siskiyou County Jails to provide

6   constitutional levels of protection to suicidal and or self destructive detainees and

7   or detainees with psychological and or psychiatric diagnoses, the fostering and

8   approval of and/or the ratification of customs and practices in the Sheriffs

9   Department whereby custody staff did not provide constitutional levels of

10  protection, along with Defendants' failure to monitor and supervise and protect the

11  Plaintiffs' Decedent as a pre-trial detainee amounted to actions that violated the

12  14th Amendment rights of Plaintiffs to have a familial relationship with Plaintiffs'

13  Decedent..

14       23.  In all of these actions, the Defendants and each of them with the

15  knowledge that the Plaintiffs' Decedent had a serious medical need and was

16  suicidal and self destructive acted with deliberate indifference which resulted in

17  the death of Plaintiffs' Decedent.

18       24.  The above recited actions of Defendants in depriving Plaintiffs' of their

19  constitutionally protected rights were done with evil motive or intent, or with

20  reckless, callous and deliberate indifference which was designed and or intended

21  to destroy the Plaintiffs' familial relationship with the Plaintiffs' Decedent.

22       WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of

23  them as follows:

24       1.  For damages for loss of the familial relationship, including but not

25  limited to the loss of love, affection, care, society, service, comfort, right of

26  support, companionship, solace and moral support, expectations of future moral

27

28                                7          COMPLAINT FOR  DAMAGES

1  and emotional support and counseling, as well as other benefits and assistance of

2  the Plaintiffs' Decedent Mathew R. Baker which will be stated according to proof,

3  which sum is in excess of the jurisdictional limit of this court;

4    2. For Punitive Damages as to the individual defendants in an amount

5  appropriate to punish Defendants for their wrongful conduct and set an example

6  for others;

7    3. For reasonable attorney fees pursuant to Title 42 USC Section 1988;

8    4. For such other and further relief as the Court may deem just and proper.

9  Dated: 5/23/2017                    LAW OFFICES OF GREG W. GARROTTO

10                                     /s/ Greg W. Garrotto
                                       GREG W. GARROTTO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                     8          COMPLAINT FOR DAMAGES

1

## **REQUEST FOR JURY TRIAL**

2

3          Plaintiff hereby requests a jury trial pursuant to Federal <u>Rule of Civil</u>

4   <u>Procedure</u> 38.

5

6   Dated: 5/23/2017              LAW OFFICES OF GREG W. GARROTTO

7                                /s/ Greg W. Garrotto
                                 GREG W. GARROTTO
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                     9          COMPLAINT FOR DAMAGES